1  Daniel Feder (SBN 130867)
**LAW OFFICES OF DANIEL FEDER**
2  332 Pine Street, Suite 700
San Francisco, CA 94104
3  Telephone: (415) 391-9476
Facsimile:  (415) 391-9432
4

5  Attorney for Plaintiff,
EMI STECH

6

7  **UNITED STATES DISTRICT COURT**

8  **NORTHERN DISTRICT OF CALIFORNIA**

9

10

11  EMI STECH, an individual,

12                    Plaintiff,

13             v.

14  JACK MORTON WORLDWIDE, INC.
INTERPUBLIC GROUP OF COMPANIES,
15  INC. and DOES 1-50, inclusive,

16             Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

**Case No.:**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**JURY TRIAL REQUESTED**

1.  Gender Discrimination in Violation of FEHA;
2.  Failure to Prevent Discrimination, and/or Retaliation in Violation of FEHA;
3.  Retaliation in Violation of FEHA;
4.  Retaliation in Violation of California Labor Code §1102.5;
5.  Wrongful Termination in Violation of Public Policy;
6.  Wrongful Termination in Violation of FEHA.
7.  Wage and Hour Violations

**REQUEST FOR PUNITIVE DAMAGES**

**DEMAND FOR JURY TRIAL**

---

*Stech v. Jack Morton Worldwide*                    1                    **Complaint for Damages**

**Plaintiff alleges:**

## PARTIES

1. Plaintiff EMI STECH ("Plaintiff" or "STECH") is an individual adult, residing in San Francisco, California.  At all times relevant herein Plaintiff was employed by Defendants JACK MORTON WORLDWIDE, INC., INTERPUBLIC GROUP, INC. and Defendants 1-50 ("Defendants" or "JACK MORTON").

2. Defendants JACK MORTON WORLDWIDE , INC. and INTERPUBLIC GROUP, INC. OF COMPANIES are corporations duly incorporated under the laws of the State of Delaware doing business in San Francisco, California.

3. Plaintiff is ignorant of the true names and capacities of the defendants who are sued herein as DOES 1 - 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by such unlawful conduct.

4. Plaintiff is informed and believes and thereon alleges that Defendant, and/or DOES 1 - 50, and each of them, at all times relevant herein, were the agents and employees of their co-defendants, and in doing the things alleged in this complaint were acting in the course and scope of such agency and employment.

5. Defendant, and/or DOES 1 - 50, and each of them, are the employers of the managers and supervisors herein complained of, and supervising over Plaintiff, and therefore Defendant, and/or DOES 1 - 50, and each of them, are liable for the discriminatory and retaliatory acts conducted by their agents, employees and supervisors, under the theory of *Respondeat Superior* and/or strict liability.

## JURISDICTION & VENUE

6. Plaintiff brings this action pursuant to and under the provisions of the Fair Employment and Housing Act, California Government Code §§ 12940, et seq.; California Family Rights Act,

1   California Government Code §§12945 et seq.; California Constitution, Article I, § 1; and

2   other common and statutory laws.

3   7.   Plaintiff was considered an "employee" within the meaning of Fair Employment Housing Act

4   (hereinafter referred to as "FEHA").  Defendant JACK MORTON is and at all times relevant

5   hereto, has been, an "employer" as defined by FEHA.

6   8.   The amount in controversy exceeds the minimum jurisdictional threshold for satisfying the

7   diversity jurisdiction requirements of this Court.  Further, the Plaintiff and each of the

8   Defendants are domiciled in different states.

9   9.   At all times set forth herein, Defendant JACK MORTON , and/or DOES 1–50, and each of

10   them, employed (5) or more employees for each working day in each of twenty or more

11   calendar weeks in the current or preceding calendar year and is otherwise subject to the

12   provisions of FEHA and other applicable laws.

13   10.   Jurisdiction is proper pursuant to California Code of Civil Procedure § 410.10.

14   11.   Plaintiff is informed and believes, and thereon alleges, that most of the witnesses and

15   evidence relevant to this case are located in San Francisco County, California.

16   12.   Plaintiff is informed and believes, and thereon alleges, that the relative costs and burdens to

17   the parties herein favor the filing of this lawsuit in this Court.  Defendant, and/or DOES 1 -

18   50, and each of them, suffer no burden or hardship by having to defend this case in this Court.

19   However, Plaintiff would suffer severe and undue burden and hardship if she were required to

20   file in an alternative forum, if any such forum exists.  Such burden and hardship on Plaintiff

21   includes, but is not limited to prohibitive monetary expenses for travel, obtaining counsel in a

22   different venue and/or jurisdiction, increased expenses to investigate and obtain evidence and

23   depose and interview witnesses.

24   13.   State policy favors jurisdiction in San Francisco, California because the State of California

25   has a policy of protecting California residents and ensuring the applicability of FEHA, and

26   other applicable California laws.

27   14.   Venue is proper in this Court because the acts and events set forth in this Complaint occurred

28   in whole or in part in the San Francisco County, California; and because Plaintiff's place of

---

*Stech v. Jack Morton Worldwide*                    3                    **Complaint for Damages**

1    employment with Defendants, and each of them, was located in San Francisco County,

2    California.

3                    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4    15.  Within the time provided by law, Plaintiff made a complaint to the California Department of

5         Fair Employment and Housing ("DFEH") against Defendants, and each of them.  Within a

6         month before the date of the filing of this Complaint, Plaintiff received a right-to-sue letters

7         from the DFEH.

8

9        **GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

10

11   16.  Plaintiff Emi Stech ("Plaintiff" or "Stech") began working at Defendant Jack Morton

12        Worldwide, and Interpublic Group, Inc. ("Jack Morton" or "Defendant"), a brand-marketing

13        agency, in the San Francisco Office on November 16, 2015 as a Senior Account Manager

14        earning a salary of $95,000.  Plaintiff was recruited by Jack Morton and left her previous

15        company for the opportunity to work on the T-Mobile account, which was, and still remains

16        the largest account for the San Francisco office.

17   17.  Plaintiff was classified as an exempt employee.  However, the duties she performed were

18        overwhelmingly duties typically performed by non-exempt employees.  She worked on client

19        services and would collaborate with 2 other departments on brand strategy.  Plaintiff routinely

20        worked in excess of 8 hours per day.  She frequently was unable to take meal or rest periods

21        during her shifts.

22   18.  Plaintiff's job performance was outstanding.  She received many compliments from her co-

23        workers and clients on the quality of her services.  She also received a spot bonus from

24        management.

25   19.  Plaintiff was assigned to work on the Events stack of the account with Joellyn Holland

26        ("Holland"), who had been described to Plaintiff by others at Jack Morton as notorious for her

27        abusive treatment of Jack Morton employees on her account.  Plaintiff was hired to replace

28        Anna Murphy on the account.  Ms. Murphy was transitioned into new business.  The T-

---

*Stech v. Jack Morton Worldwide*                    4                    **Complaint for Damages**

1    Mobile accounts team consisted of Darren Wilson - Account Director, Jackie Anderson –

2    Account Executive, and Plaintiff as the Senior Account Manager. Plaintiff shared the news

3    with her direct manager Darren Wilson towards the end of January.  Plaintiff notified Ed

4    Scott, Managing Director, and Jennifer Kenyan from HR of her pregnancy on March 9, 2016.

5    20.   In mid-April 2016, Darren Wilson was taken off the T-Mobile Account and Nikki Herr

6    replaced him as the Account Director and Plaintiff's manager.  Darren Wilson was taken off

7    the account at the request of T-Mobile.  Darren Wilson was given opportunities to seek new

8    business and ended up on a different account.

9    21.   On June 4, 2016, Plaintiff was onsite in New York City for T-Mobile's UC11.  Upon arrival,

10   Plaintiff asked Nikki Herr where she needed support.   Plaintiff was told to stay in the staff

11   office as much as possible since she was pregnant. Plaintiff is informed and believes that

12   management never told T-Mobile clients about plaintiff's pregnancy.  Plaintiff was clearly

13   showing and it was the first time Plaintiff had met personally with clients when she was

14   visibly pregnant.

15   22.   Because Plaintiff was prevented from meeting face to face with clients, it was difficult for her

16   to advance her business relationships with them through personal interaction. The success of

17   Plaintiff's role as an account manager is based on building relationship with clients.

18   23.   On July 10, 2016, Plaintiff was onsite in San Diego for the MLB All-Star Week sponsored by

19   T-Mobile.  During set-up, Joellyn Holland verbally attacked Plaintiff for an error made by

20   another agency.  Plaintiff notified Nikki Herr about the situation.

21   24.   On July 15, 2016, Nikki Herr took Plaintiff to lunch to tell her that she was no longer on the

22   T-Mobile account because the relationship between Joellyn Holland and Plaintiff was

23   irreconcilable. Nikki Herr informed Plaintiff that the decision to remove her from the T-

24   Mobile account had been made internally within Jack Morton and that T-Mobile had not been

25   informed of the decision.  According to Nikki Herr, the client did not know of the change and

26   Nikki Herr asked Plaintiff to keep it confidential until a transition plan was confirmed.  Nikki

27   Herr further stated that because Plaintiff was going on maternity leave in September, she

28   would not be assigned any new accounts.  Nikki Herr told Plaintiff that she was to support the

*Stech v. Jack Morton Worldwide*                                5                                **Complaint for Damages**

1     T-Mobile team behind the scene and have no client interaction.

2    25.   Plaintiff set up a meeting with Ed Scott after her meeting with Nikki Herr.  Ed Scott told

3    Plaintiff that, due to her pregnancy and pending maternity leave, she would not be assigned

4    any new accounts. Ed Scott informed Plaintiff that her removal from the account was not

5    performance based.  He thanked her for the hard work on the account; however, he said Jack

6    Morton would not assign her to another account because of her pregnancy and upcoming

7    leave.  He told her that he hoped that they would have a new account for her when she

8    returned from leave.

9    26.   On August 22, 2016, Plaintiff began working remotely from home.  Nikki Herr approved this.

10    27.   On September 15, 2016, Ed Scott sent out a company wide email informing the team about

11    reorganization which resulted in 2 people being laid off – one in the creative department and

12    one in new business.  Later that day, there was a recurring meeting for the accounts

13    department and new business led by Ed Scott.  Plaintiff dialed into the call since she had not

14    gone into labor – (September 15th was her original due date.)  During the meeting, Ed Scott

15    had asked the team if there were any questions regarding the layoffs announced earlier that

16    day.  Not one person had a question.  About 5 minutes after the meeting ended, Ed Scott

17    called Plaintiff's cell phone.  He called to tell Plaintiff that she should not worry but there was

18    a chance that she might not have a job after her maternity leave. He then said that he would

19    reach out in November to touch base.

20    28.   On September 16, 2016, Ed Scott sent Plaintiff an email recapping the call.

21    29.   On September 19, 2016, Plaintiff gave birth to her son and thereafter went out on Pregnancy

22    Disability Leave followed by Paid Family Leave.  The first eight weeks of her leave were

23    based on physical conditions related to her pregnancy.  The remaining 6 weeks were provided

24    as baby bonding leave pursuant to company policy.

25    30.   The first 8 weeks were disability; company had 6 week paid family leave; went to CA

26    bonding; she had Hartford handling eligibility issues; documents stated February 6 as her

27    approved return date.

28    31.   On October 17, 2016, Plaintiff received her approved maternity schedule from HR.   Plaintiff

1    then forwarded the approved maternity schedule to Ed Scott.   Plaintiff's approved return date

2    was February 6, 2017.

3    32.   On January 31, 2017, Plaintiff emailed Ed Scott and Nikki Herr to schedule a meeting to

4    discuss her transition back to the office.  A meeting was never scheduled and for the next few

5    days, there was very little attempt on Ed Scott to connect with Plaintiff.

6    33.   Plaintiff went to the office with her childcare provider on February 1, 2017 to see co-workers,

7    figure out logistics for pumping, and show her childcare provider the location of her office.

8    Plaintiff saw Ed Scott for a quick second but he did not have a chance to talk to Plaintiff since

9    he was on his way out to lunch.

10   34.   On February 4, 2017, Plaintiff received an email from Ed Scott notifying Plaintiff of her

11   termination.

12   35.   On February 5, 2017, Rachel Vingsness, from HR followed up on the email.  Plaintiff asked

13   her for an in person meeting with Ed Scott.

14   36.   On February 6, 2017, Plaintiff went into the Jack Morton office for a meeting with Ed Scott.

15   Rachel Vingsness joined the meeting via conference line as she sits in the Boston office.

16   During the meeting, Plaintiff asked Ed Scott to explain the reason behind her termination.

17   Further, she asked why she had not even been considered for any of the three openings in the

18   accounts department.   Plaintiff had been made aware of the fact that Jack Morton had three

19   positions available for which she was qualified:  two account director positions and one

20   account manager position.  Ed Scott confirmed that Plaintiff's termination was not due to

21   performance, but due to the fact that there wasn't an account that needed a Sr. Account

22   Manager.  Ed Scott stated that Plaintiff was either over-qualified or under-qualified for the

23   three openings they were currently seeking.  Ed Scott told Plaintiff that he had made an error

24   in assuring Plaintiff that they would have an account for her to work on after her return from

25   leave.  He told Plaintiff that he had fucked up, buried his head in the sand, and had been too

26   optimistic that Jack Morton would have work for Plaintiff after her leave.

27   37.   Plaintiff is informed and believes that, during her leave, Jack Morton assigned an account rep.

28   (Jackie Anderson) to perform the administrative work Plaintiff had been performing

---

*Stech v. Jack Morton Worldwide*                      7                      **Complaint for Damages**

1    immediately prior to the commencement of her leave.   After Plaintiff's termination, Jack

2    Morton assigned Plaintiff's workload and responsibilities permanently to Jackie Anderson.

3                                    **FIRST CAUSE OF ACTION**

4                             GENDER DISCRIMINATION IN VIOLATION OF

5                                    GOV'T CODE §12940, et seq.

6                                    (Against JACK MORTON )

7    38.   Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 37 as though

8          fully set forth herein.

9    39.   At all times relevant herein, Plaintiff was employed by Defendant JACK MORTON , and/or

10         DOES 1 – 50, and each of them.

11   40.   The FEHA requires defendants to refrain from discrimination against an employee on the

12         basis of her gender/sex.

13   41.   Defendant, and/or DOES 1 - 50, and each of them, made numerous decisions that adversely

14         affected Plaintiff in regards to the terms, conditions and privileges of employment culminating

15         in her termination, on the basis of her gender.

16   42.   As a direct, proximate, and foreseeable result of Defendant, and/or DOES 1 - 50, and each of

17         their, acts and/or failures to act, as alleged herein, Plaintiff has suffered and continues to suffer

18         substantial losses in earnings and employment benefits, injury to her career and reputation,

19         and extreme and enduring emotional distress including but not limited to humiliation, shock,

20         embarrassment, fear, anxiety and discomfort, all of which amount to Plaintiff's damage which

21         totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at

22         trial.

23   43.   Defendant, and/or DOES 1 - 50, and each of them, committed the acts herein alleged

24         maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff,

25         and acted with an improper and evil motive amounting to malice, in conscious disregard for

26         Plaintiff's rights and thus an award of exemplary and punitive damages is justified.  Further,

27         the actions directed at Plaintiff were carried out by a supervising employee acting in a

28         deliberate, callous and intentional manner in order to injure and damage Plaintiff.  Plaintiff is

therefore entitled to recover and herein prays for punitive damages in an amount sufficient to

punish Defendant, and/or DOES 1 - 50, and each of them, in an amount to be proven in trial.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

below.

### SECOND CAUSE OF ACTION

FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, AND/OR

RETALIATION IN VIOLATION OF GOV'T CODE 12940, et seq.

(Against JACK MORTON )

44. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 37 as though

fully set forth herein.

45. At all times relevant herein, Plaintiff was employed by Defendant JACK MORTON , and/or

DOES 1-50, and each of them.

46. At all times mentioned herein, Defendant JACK MORTON was prohibited by California

Government Code §12940, et seq., among other California statutes, from failing to take all

reasonable steps necessary to prevent harassment, discrimination, and/or retaliation from

occurring.

47. Plaintiff, Defendant subjected Plaintiff retaliatory conduct and/or ratified the discriminatory

harassing retaliatory conduct towards Plaintiff because of her complaints.

48. Plaintiff is informed and believes, and thereon alleges, that Defendant JACK MORTON failed

to act and/or to take all reasonable steps necessary to prevent harassment, retaliation and

discrimination from occurring.

49. As a direct and proximate result of Defendant's, and/or DOES 1-50, and each of their, their

acts and/or failure to act, Plaintiff has suffered injury, damage, loss and harm, including but

not limited to, loss of income, humiliation, embarrassment, severe mental and emotional

distress, and discomfort, all of which amount to Plaintiff's damage which totals in excess of

the minimum jurisdiction of this court, the precise amount to be proven at trial.

50. Defendant, and/or DOES 1-50, and each of them, committed the acts herein alleged

maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff,

1    and acted with an improper and evil motive amounting to malice, in conscious disregard for

2    Plaintiff's rights and thus an award of exemplary and punitive damages is justified.  Further,

3    the actions directed at Plaintiff were carried out by a supervising employee acting in a

4    deliberate, callous and intentional manner in order to injure and damage Plaintiff.  Plaintiff is

5    therefore entitled to recover and herein prays for punitive damages in an amount sufficient to

6    punish Defendant, and/or DOES 1-50, and each of them, in an amount to be proven in trial.

7    WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

8    below.

9

10    **THIRD CAUSE OF ACTION**

11    RETALIATION IN VIOLATION OF GOV'T CODE §12940, et seq.

12    (Against JACK MORTON )

13   51.   Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 37 as though

14    fully set forth herein.

15   52.   At all times relevant herein, Plaintiff was employed by Defendant JACK MORTON , and/or

16    DOES 1-50, and each of them.

17   53.   The FEHA makes it unlawful for any employer to discriminate or otherwise adversely treat its

18    employees because they opposed a practice in violation of FEHA.  Plaintiff complained to her

19    managers about the retaliatory, discriminatory and harassing conduct she experienced based

20    on her pregnancy.  In retaliation for her complaints, Plaintiff was terminated from her

21    employment with JACK MORTON .

22   54.   Plaintiff is informed and believes, and thereon alleges, that Defendant JACK MORTON

23    terminated her without justifiable cause and/or without a reasonable business interest in

24    terminating her position.

25   55.   Plaintiff is informed and believes, and thereon alleges, that Defendant's, and/or DOES 1-50,

26    and each of their, acts and/or failure to act, was in retaliation for Plaintiff's opposition of

27    unlawful harassment and discrimination she endured while employed by Defendant JACK

28    MORTON .

56. As a direct and proximate result of Defendant's, and/or DOES 1-50, and each of their, acts and/or failure to act, Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

57. Defendant, and/or DOES 1-50, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified.  Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff.  Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish Defendant, and/or DOES 1-50, and each of them, in an amount to be proven in trial. WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

## FOURTH CAUSE OF ACTION

VIOLATION OF CALIFORNIA LABOR CODE § 1102.5

(Against JACK MORTON )

58. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 37 as though fully set forth herein.

59. At all times during Plaintiff's tenure with Defendant, and/or DOES 1-50, and each of them, California Labor Code § 1102.5, in relevant part, prohibited an employer from retaliating against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

60. Plaintiff refused to participate in Defendant's, and/or DOES 1-50, and each of their, violation of Labor Code §12490 seq., to participate in discriminatory and harassing conduct prevalent in

---

1      Defendant's workplace which she reasonably believed to be in a violation of state or federal

2      statute, or a violation or noncompliance with a state or federal rule or regulation.

3    61.  Defendant, and/or DOES 1-50, and each of them, violated California law when they terminated

4      Plaintiff in retaliation for reporting pregnancy discrimination and harassment by Le.

5    62.  As a direct, proximate, and foreseeable result of Defendant's, and/or DOES 1-50 and each of

6      their, acts and/or failures to act, as alleged herein, Plaintiff has suffered and continues to suffer

7      substantial losses in earnings and employment benefits, injury to her career and reputation, and

8      extreme and enduring emotional distress including but not limited to humiliation, shock,

9      embarrassment, fear, anxiety and discomfort, all of which amount to Plaintiff's damage which

10      totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at

11      trial.

12    63.  Defendant, and/or DOES 1-50 and each of them, committed the acts herein alleged

13      maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff,

14      and acted with an improper and evil motive amounting to malice, in conscious disregard for

15      Plaintiff's rights and thus an award of exemplary and punitive damages is justified.  Further,

16      the actions directed at Plaintiff were carried out by supervising employees acting in a

17      deliberate, callous and intentional manner in order to injure and damage Plaintiff.  Plaintiff is

18      therefore entitled to recover and herein prays for punitive damages in an amount sufficient to

19      punish Defendant, and/or DOES 1-100 and each of them, in an amount to be proven in trial.

20  WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

21  below.

22                          **FIFTH CAUSE OF ACTION**

23                  WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

24                          (Against JACK MORTON )

25

26  64.  Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 37 as though

27      fully set forth herein.

28  65.  At all times relevant to this complaint, FEHA was in full force and effect and binding upon

---

*Stech v. Jack Morton Worldwide*                    12                    **Complaint for Damages**

1    defendants.  FEHA prohibits employers from harassing employees because of sex and

2    discriminating against the person in terms, conditions, or privileges of employment because of

3    the person's sex, because the person has opposed any practices forbidden under FEHA.

4  66.    Defendant JACK MORTON violated the public policy of California by terminating, actually

5    and/or constructively, Plaintiff's employment because of her pregnancy and her request for

6    maternity leave and/or complaints regarding discrimination against her because of her

7    pregnancy

8  67.    As a direct, proximate and foreseeable result of Defendants' acts and failures to act as alleged

9    herein, Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss

10    of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort.

11    Plaintiff has suffered and continues to suffer substantial losses in earnings and employment

12    benefits, injury to her career and reputation and extreme and enduring emotional distress

13    including but not limited to humiliation, shock, embarrassment, fear, anxiety and discomfort,

14    all to her damage in an amount to be determined according to proof at trial.

15  68.    Defendant JACK MORTON committed the acts herein alleged despicably, maliciously,

16    fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted

17    with an improper and evil motive amounting to malice and in conscious disregard of

18    Plaintiff's rights.  Because the acts taken toward Plaintiff were carried out by managerial

19    employees acting in a deliberate, cold, callous, despicable, and intentional manner in order to

20    injure and damage Plaintiff, she is entitled to punitive damages from JACK MORTON in an

21    amount according to proof.

22  WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

23  below.

24                                **SIXTH CAUSE OF ACTION**

25                          WRONGFUL TERMINATION IN VIOLATION OF

26                                 GOV'T CODE §12940, et seq.

27                                   (Against JACK MORTON )

28  69.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 37 as though

---

*Stech v. Jack Morton Worldwide*                    13                    **Complaint for Damages**

1      fully set forth herein.

2   70.   At all times relevant herein, Plaintiff was employed by Defendant JACK MORTON , and/or

3      DOES 1-50, and each of them.

4   71.   FEHA prohibits termination of an employee for being opposed to practices in violation of

5      FEHA.  Plaintiff opposed practices in violation of FEHA as alleged *supra* and incorporated

6      herein by reference.  Further, the FEHA prohibits workplace discrimination based on an

7      employee's sex and/or gender; Defendant, and/or DOES 1-50, and each of them, terminated

8      Plaintiff because of her sex/gender and requests for maternity leave.  Accordingly, Defendant,

9      and/or DOES 1-50, and each of them, violated California law when they terminated Plaintiff.

10  72.   Plaintiff is informed and believes, and thereon alleges, that Defendant, and/or DOES 1-50,

11      and each of them, terminated her without justifiable cause and/or without a reasonable

12      business interest, but in retaliation for her opposition to practices in violation to FEHA.

13  73.   As a direct and proximate result of Defendant's, and/or DOES 1-50, and each of their,

14      Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of

15      income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all

16      of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of

17      this court, the precise amount to be proven at trial.

18  74.   Defendant, and/or DOES 1-50, and each of them, committed the acts herein alleged

19      maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff,

20      and acted with an improper and evil motive amounting to malice, in conscious disregard for

21      Plaintiff's rights and thus an award of exemplary and punitive damages is justified.  Further,

22      the actions directed at Plaintiff were carried out by a supervising employee acting in a

23      deliberate, callous and intentional manner in order to injure and damage Plaintiff.  Plaintiff is

24      therefore entitled to recover and herein prays for punitive damages in an amount sufficient to

25      punish Defendant, and/or DOES 1-50, and each of them, in an amount to be proven in trial.

26  WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

27      below.

28

---

*Stech v. Jack Morton Worldwide*                    14                    **Complaint for Damages**

**SEVENTH CAUSE OF ACTION**

Willful Failure to Pay All Wages and Overtime (Cal. Labor Code §§ 204, 510)

(Against JACK MORTON )

75. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

76. Under California law, Defendants are required to pay wages for each hour worked, and overtime wages when non-exempt employees work over eight (8) hours in a day or forty (40) hours in a week by calculating the hourly rate and then computing the overtime premium amount owed.  Plaintiff has worked for Defendants without being paid for all hours worked, regular and overtime.

77. As a result of Defendants' violation of statutory mandates to pay employees for statutory wage requirements, as more fully set forth above, Plaintiff has been damaged in an amount to be determined at trial, but which exceed the minimum jurisdictional thresholds of this Court.

78. Plaintiff seeks as damages all wages owed by Defendants.  Plaintiff seeks an award of pre-judgment interest on the unpaid wages set forth herein.

79. Plaintiff has incurred, and will continue to incur, attorneys' fees and costs in the prosecution of this action.  Plaintiff seeks attorneys' fees under all applicable provisions of law.

WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

**EIGHTH CAUSE OF ACTION**

Willful Failure to Pay All Wages Upon Separation (Cal. Labor Code §§ 201, 202, 203*)*

(Against JACK MORTON )   [

80. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

81. California Labor Code sections 201 and 202 require that employers pay all employees all wages immediately upon employer termination or within 72 hours after employee resignation. California Labor Code § 203 provides that in instances that an employer willfully fails to pay

all wages owing within the proscribed time limits, the employer must continue to pay the subject employee wages until it wages are paid in full.  A worker need not prove malice or intentional conduct in establishing their claim for waiting time penalties, but rather must merely establish that the employer did not do something it was obligated to do.

82.     Plaintiff was adversely affected by Defendants' policy and practice of failing to pay all wages owed, and whose employment with Defendants has subsequently ended, were not paid all wages owing and as a consequence, are entitled to penalty wages, together with interest thereon, and attorneys' fees and costs.

WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

## NINTH CAUSE OF ACTION

Failure to Provide Meal and Rest Periods and/or Wages in lieu of (Cal. Labor Code § 226.7)

(Against JACK MORTON )

83.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

84.     As detailed more fully above, Defendants were required to provide Plaintiff with meal and rest periods in accordance with Cal. Labor Code § 226.7 and applicable wages orders.

85.     Defendants failed to do so, and as a consequence, Plaintiff is entitled to recover an amount to be proven at trial, but not less than one additional hour of pay at the regular rate of compensation for each workday that the meal and/or rest period was not provided, as articulated in Cal. Labor Code § 226.7(b).

86.     As a direct and proximate result of Defendant's failure to provide Plaintiff with either meal and rest periods or wages in lieu thereof, Plaintiff has been damaged in an amount to be proven at trial, , but which exceed the minimum jurisdictional thresholds of this Court.  As these wages were owing in regular pay periods and were not forthcoming, Plaintiff is entitled to and seek an award of prejudgment interest.

87.     Plaintiff has incurred, and will continue to incur, attorneys' fees and costs in the prosecution of this action.  Plaintiff seeks attorneys' fees and costs under all applicable provisions of law.

---

*Stech v. Jack Morton Worldwide*                    16                    **Complaint for Damages**

WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

## TENTH CAUSE OF ACTION

Willful Failure to Provide Accurate Wage Statements and Maintain Accurate Pay Records

(Cal. Labor Code § 226(a), (e) & (g))

(Against JACK MORTON )

88.  Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

89.  California Labor Code section 226(a) sets forth numerous "accurate" items which must accompany furnish to employees with their paychecks ("paystubs") and which it must maintain for a period of not less than three years.  Included in those items, are numerous items that Defendant did not accurately provide and retain.  These items include, but are not limited to:  (1) a statement of accurate gross wages earned by Plaintiff and each putative class member; (2) a statement of total hours worked by Plaintiff and each putative class member; (3) a statement of net wages earned; (4) the name and address of the legal entity that is the employer; (5) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

90.  Plaintiff is informed and believes and thereon alleges that Defendants' failure to provide accurate information in both paystubs and in its records was a result of Defendants own knowing and intentional conduct.  As a direct and proximate result of Defendants' failure to provide accurate information to Plaintiff about working hours and wages owing, Plaintiff was injured in an amount to be proven at trial, but not less than $50 for the initial pay period in which these violations occurred and an additional $100 per pay period thereafter.  (*See* Labor Code § 226(e).)

91.  Plaintiff is also seeking an injunction against Defendants, pursuant to Cal. Labor Code § 226(g), to prevent them  from continuing to violate Section 226(a).

92.  Plaintiff has incurred, and will continue to incur attorneys' fees and costs in the prosecution of this action.  Plaintiff seeks attorneys' fees under all applicable provisions of law.

1    WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

2                                    **PRAYER FOR RELIEF**

3    WHEREFORE, Plaintiff makes the following demand:

4        (a)       That process be issued and served as provided by law, requiring Defendants, and/or

5    DOES 1 – 50, and each of them, to appear and answer or face judgment;

6        (b)       For general, special, actual, compensatory and/or nominal damages, as against

7    Defendant, and/or DOES 1 – 50, and each of them, in an amount to be determined at trial;

8        (c)       For punitive damages in an amount to be determined at trial sufficient to punish,

9    penalize and/or deter Defendant, and/or DOES 1 – 50, and each of them, from further engaging in

10   the conduct described herein;

11       (d)       For back pay and other benefits Plaintiff would have been afforded but-for

12   Defendant's, and/or DOES 1 – 50, and each of their, unlawful conduct;

13       (e)       For costs and expenses of this litigation;

14       (f)       For reasonable attorneys' fees where appropriate;

15       (g)       For declaratory relief as against Defendants, and each of them, in an amount to be

16   determined at trial;

17       (h)       For pre and post-judgment interest on all damages and other relief awarded herein

18   from all entities against whom such relief may be properly awarded; and

19       (i)       For all such other relief as this Court deems just and appropriate.

20

21

22   Dated: May 8, 2017                                Law Offices of Daniel Feder

23

24                                                      /s/ Daniel Feder
                                                      _____
25                                                     DANIEL FEDER
                                                       Attorney for Plaintiff,
26                                                     EMI STECH

27

28

---

*Stech v. Jack Morton Worldwide*                    18                    **Complaint for Damages**