1  SEYFARTH SHAW LLP
   Dana L. Peterson (SBN 178499)
2  dpeterson@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, California 90067-3021
   Telephone:  (310) 277-7200
4  Facsimile:  (310) 201-5219

5  SEYFARTH SHAW LLP
   Ryan McCoy (SBN 276026)
6  rmccoy@seyfarth.com
   560 Mission Street, Suite 3100
7  San Francisco, CA 94105
   Telephone:  (415) 397-2823
8  Facsimile:  (415) 397-8549

9  Attorneys for Defendants
   JACK MORTON WORLDWIDE, INC., and
10 INTERPUBLIC GROUP OF COMPANIES, INC.

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15
   EMI STECH, an individual,              Case No.: 3:17-cv-02647 EDL
16
                  Plaintiff,              **DEFENDANTS JACK MORTON**
17                                        **WORLDWIDE, INC. AND INTERPUBLIC**
         v.                               **GROUP OF COMPANIES, INC.'S**
18                                        **ANSWER TO COMPLAINT FOR**
   JACK MORTON WORLDWIDE, INC.,           **DAMAGES**
19 INTERPUBLIC GROUP OF COMPANIES, INC.
   and DOES 1-50, inclusive,
20
                  Defendants.
21

22

23

24

25

26

27

28

                                    1
─────────────────────────────────────────────────────────────
39771104v.1

Defendants Jack Morton Worldwide, Inc. ("Jack Morton Worldwide") and Interpublic Group of Companies, Inc. ("Interpublic Group") (collectively, "Defendants"), by and through their attorneys, hereby Answer the Complaint for Damages ("Complaint") of Plaintiff Emi Stech ("Plaintiff") as follows:

## PARTIES

1.      Defendants admit that their records indicate Plaintiff is a resident of San Francisco, California.  Defendants admit Plaintiff was employed by Jack Morton Worldwide from approximately November 16, 2015 through February 28, 2017.  To the extent not expressly admitted herein, all other allegations in Paragraph 1 of the Complaint are denied.

2.      Defendants admit that Jack Morton Worldwide is a corporation incorporated under the laws of the State of Delaware and doing business in San Francisco, California.  Defendants admit that Interpublic Group is a corporation incorporated under the laws of the State of Delaware.   To the extent not expressly admitted herein, all other allegations in Paragraph 2 of the Complaint are denied.

3.      Defendants have insufficient information to admit the allegations in Paragraph 3 of the Complaint, and therefore deny the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants have insufficient information to admit the allegations in Paragraph 4 of the Complaint, and therefore deny the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants, and each of them, deny that they are liable for the alleged discriminatory and retaliatory acts of any agents, employees, or supervisors.  Defendants have insufficient information to admit the remaining allegations in Paragraph 5 of the Complaint, and therefore deny the remaining allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION & VENUE

6.      The allegations in Paragraph 6 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that Paragraph 6 purports to contain any allegations of fact, Defendants deny any such allegations contained in Paragraph 6.

7.      Defendants admit Plaintiff was an "employee" of Jack Morton Worldwide and that Jack Morton Worldwide is an "employer."  To the extent allegations in Paragraph 7 constitute conclusions of

39771104v.1

1    law as opposed to allegations of fact, no answer is required. To the extent not expressly admitted herein,

2    all other allegations in Paragraph 7 of the Complaint are denied.

3          8.      Defendants have insufficient information to admit or deny the current domicile of

4    Plaintiff as alleged in Paragraph 8 of the Complaint.  Defendants admit that Jack Morton Worldwide is

5    headquartered in Boston, Massachusetts, and that Interpublic Group is headquartered in New York, New

6    York.  The remaining allegations in Paragraph 8 constitute conclusions of law as opposed to allegations

7    of fact and, accordingly, no answer is required.  To the extent that Paragraph 8 purports to contain any

8    additional allegations of fact, Defendants deny any such allegations contained in Paragraph 8.

9          9.      Defendants admit that Jack Morton Worldwide employs five (5) or more employees for

10   each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar

11   year.  Defendants have insufficient information to admit or deny Plaintiff's allegation pertaining to the

12   number of employees employed (if any) by "DOES 1-50."  The remaining allegations in Paragraph 9

13   constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.

14   To the extent that Paragraph 9 purports to contain any additional allegations of fact, Defendants deny

15   any such allegations contained in Paragraph 9.

16         10.     The allegations in Paragraph 10 constitute conclusions of law as opposed to allegations of

17   fact and, accordingly, no answer is required.  To the extent that Paragraph 10 purports to contain any

18   allegations of fact, Defendants deny any such allegations contained in Paragraph 10.

19         11.     Defendants admit that some witnesses referenced in the Complaint and some

20   documentary evidence relevant to the Complaint are located in or near the City and County of San

21   Francisco, California.  However, Defendants have insufficient information to admit that most of the

22   witnesses and evidence relevant to the Complaint are located in the City and County of San Francisco,

23   California.  To the extent not expressly admitted herein, all other allegations in Paragraph 11 of the

24   Complaint are denied.

25         12.     Defendants admit that the filing of the Complaint, as it is currently plead, is appropriately

26   filed in this Court.  The remaining allegations in Paragraph 12 constitute conclusions of law as opposed

27   to allegations of fact and, accordingly, no answer is required.  To the extent that Paragraph 12 purports

28

3

39771104v.1

1   to contain any additional allegations of fact, Defendants deny any such allegations contained in

2   Paragraph 12.

3          13.     The allegations in Paragraph 13 constitute conclusions of law as opposed to allegations of

4   fact and, accordingly, no answer is required.  To the extent that Paragraph 13 purports to contain any

5   allegations of fact, Defendants deny any such allegations contained in Paragraph 13.

6          14.     Defendants admit that Plaintiff's principal place of employment with Jack Morton

7   Worldwide was located in the City and County of San Francisco, California, but that Plaintiff frequently

8   was required to travel in the course and scope of her duties as an employee.  The remaining allegations

9   in Paragraph 14 constitute conclusions of law as opposed to allegations of fact and, accordingly, no

10   answer is required.  To the extent that Paragraph 14 purports to contain any additional allegations of

11   fact, Defendants deny any such allegations contained in Paragraph 14.

12                         **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13          15.     Defendants have insufficient information to admit or deny whether (and if so, when)

14   Plaintiff has made a complaint to the California Department of Fair Employment and Housing

15   ("DFEH") against Defendants, and each of them.  Defendants have insufficient information to admit or

16   deny whether (and if so, when) Plaintiff has received right-to-sue letters from the DFEH pertaining to

17   the allegations of the Complaint.  The remaining allegations in Paragraph 15 constitute conclusions of

18   law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that

19   Paragraph 15 purports to contain any additional allegations of fact, Defendants deny any such

20   allegations contained in Paragraph 15.

21             **GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

22          16.     Defendants admit that Plaintiff began working with Jack Morton Worldwide, a global

23   brand experience agency, in its San Francisco office on or about November 16, 2015, as a Senior

24   Account Manager earning an annual salary of approximately $95,000.  Defendants admit that Jack

25   Morton Worldwide hired Plaintiff for the specific purpose of working on Jack Morton Worldwide's T-

26   Mobile account.  To the extent not expressly admitted herein, all other allegations in Paragraph 16 of the

27   Complaint are denied.

28

39771104v.1

17.     Defendants admit that Plaintiff was classified as exempt and that Plaintiff was paid on a salary basis.  Defendants admit that Plaintiff was paid a salary and she was eligible to receive bonuses.  Defendants admit that Plaintiff was not required to track all of the hours that she worked as an employee of Jack Morton Worldwide.  Defendants deny that Plaintiff "overwhelmingly" performed non-exempt duties during her employment.  To the extent not expressly admitted herein, all other allegations in Paragraph 17 of the Complaint are denied.

18.     Defendants admit that Jack Morton Worldwide received multiple complaints from employees of a client of Jack Morton Worldwide regarding Plaintiff's performance.  Defendants admit that Plaintiff received a bonus in or about March 2016.  To the extent not expressly admitted herein, all other allegations in Paragraph 18 of the Complaint are denied.

19.     Defendants admit that Plaintiff was assigned to work on Jack Morton Worldwide's T-Mobile account and that Plaintiff worked with Joellyn Holland.  Defendants admit that several other employees of Jack Morton Worldwide were also assigned to work on the T-Mobile account.  Defendants admit that on or about March 9, 2016, Plaintiff sent an email to Ed Scott, Cori Weiss, and Darren Wilson regarding her pregnancy.  To the extent not expressly admitted herein, all other allegations in Paragraph 19 of the Complaint are denied.

20.     Defendants admit that multiple employees of Jack Morton Worldwide worked on the T-Mobile account, and at various times.  Defendants admit that Darren Wilson and Niki Herr acted as Plaintiff's managers at various times during her employment.  To the extent not expressly admitted herein, all other allegations in Paragraph 20 of the Complaint are denied.

21.     Defendants admit that Plaintiff was onsite in New York City, New York, for an event related to T-Mobile.  Defendants have insufficient information to admit the remaining allegations in Paragraph 21 of the Complaint, and therefore deny the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Defendants admit that building relationships with clients is a key element of success in Plaintiff's role as a Senior Account Manager.  To the extent not expressly admitted herein, all other allegations in Paragraph 22 of the Complaint are denied.

DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES
CASE NO.: 3:17-CV-02647 EDL

39771104v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23.     Defendants admit that Plaintiff was onsite in San Diego, California for the MLB All-Star Week.  Defendants have insufficient information to admit the remaining allegations in Paragraph 23 of the Complaint, and therefore deny the remaining allegations contained in Paragraph 23 of the Complaint.

24.     Defendants admit that in or about July 2016, Jack Morton Worldwide made the decision to remove Plaintiff from the T-Mobile account based upon client feedback, and that Plaintiff was told of the decision before the company confirmed with the client that Plaintiff had been removed from the account.   Defendant admits that Plaintiff was asked to continue supporting other members of the T-Mobile team in a non-client facing role. To the extent not expressly admitted herein, all other allegations in Paragraph 24 of the Complaint are denied.

25.     Defendants deny that the reason for the removal of Plaintiff from the T-Mobile account was not performance based.  Defendants deny that Plaintiff's pregnancy and/or pending maternity leave were the reason(s) Plaintiff was not assigned to a new account team following her removal from the T-Mobile account.  Defendants admit that Ed Scott hoped there would be a new account to which Plaintiff could be assigned after she was removed from the T-Mobile account. To the extent not expressly admitted herein, all other allegations in Paragraph 25 of the Complaint are denied.

26.     Defendants admit that in or about August 2016, Plaintiff began working remotely from home.  Defendants admit that although Plaintiff's request to work from home was approved by management, Plaintiff was still expected to perform the essential duties of her role as Senior Account Manager, including being proactive in finding new work.  To the extent not expressly admitted herein, all other allegations in Paragraph 26 of the Complaint are denied.

27.     Defendants admit that on or about September 15, 2016, Jack Morton Worldwide laid off two employees, and that an email regarding the reorganization was provided to all employees. Defendants admit that on that same day,  Ed Scott called Plaintiff—who at that time was working from home—to confirm that Jack Morton Worldwide would continue to support her through her maternity leave but that there was a chance new work would not materialize for her to be assigned to upon her

DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES
CASE NO.: 3:17-CV-02647 EDL

39771104v.1

1   return.  To the extent not expressly admitted herein, all other allegations in Paragraph 27 of the

2   Complaint are denied.

3         28.     Defendants admit that the day after talking with Plaintiff, Ed Scott wrote to Plaintiff that

4   he was "hopeful during this time the business will create the right opportunity" for Plaintiff, but that

5   there still was a possibility that work would not be available to Plaintiff upon her return from maternity

6   leave.  To the extent not expressly admitted herein, all other allegations in Paragraph 28 of the

7   Complaint are denied.

8         29.     Defendants admit that Plaintiff took leave following the birth of her son through February

9   6, 2017.   Defendants have insufficient information to admit or deny the remaining allegations of

10  paragraph 29.

11        30.     Defendants admit that Plaintiff took leave following the birth of her son through February

12  6, 2017.  Defendants have insufficient information to admit or deny the remaining allegations of

13  paragraph 30.

14        31.     Defendants admit that on or about October 18, 2016, Plaintiff received a maternity leave

15  schedule from Human Resources, which she then forwarded to Ed Scott, Niki Herr, and Rachel

16  Vingsness.  To the extent not expressly admitted herein, all other allegations in Paragraph 31 of the

17  Complaint are denied.

18        32.     Defendants admit that on or about January 31, 2017, Plaintiff emailed Ed Scott notifying

19  him about her intended return to work date of February 6, 2017, and asking about scheduling a meeting

20  to discuss transition.  To the extent not expressly admitted herein, all other allegations in Paragraph 32

21  of the Complaint are denied.

22        33.     Defendants admit that Plaintiff visited Jack Morton Worldwide's office on February 1,

23  2017.  To the extent not expressly admitted herein, all other allegations in Paragraph 33 of the

24  Complaint are denied.

25        34.     Defendants admit that Ed Scott emailed Plaintiff on February 4, 2017 notifying her of her

26  termination.  Defendants have insufficient information to admit or deny when the email was received by

27  Plaintiff.

28

DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES
CASE NO.: 3:17-CV-02647 EDL

39771104v.1

35.     Defendants admit the allegations of Paragraph 35 of the Complaint.

36.     Defendants admit that on February 6, 2017, Plaintiff met with Ed Scott in person and spoke with him and Rachel Vingsness about the termination decision.  Defendants admit that, through Mr. Scott's email dated February 4, 2017 and the subsequent meeting with Mr. Scott and Ms. Vingsness, Plaintiff was informed that the three "open" positions were not a fit for Plaintiff because one was a client facing position on the T-Mobile account and she did not have the requisite experience for the other two. To the extent not expressly admitted herein, all other allegations in Paragraph 36 of the Complaint are denied.

37.     Defendants deny the allegations in Paragraph 37.

## FIRST CAUSE OF ACTION

### Gender Discrimination In Violation of Govt. Code § 12940, *et seq.*

### (Against Defendant Jack Morton Worldwide, Inc.)

38.     Defendants incorporate their responses to Paragraphs 1-37 herein.

39.     Defendants admit that Plaintiff was employed by Jack Morton Worldwide.  To the extent not expressly admitted herein, all other allegations in Paragraph 39 of the Complaint are denied.

40.     The allegations in Paragraph 40 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that Paragraph 40 purports to contain any allegations of fact, Defendants deny any such allegations contained in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants deny the allegations in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43.

## SECOND CAUSE OF ACTION

### Failure to Prevent Harassment, Discrimination, and/or Retaliation

### In Violation Of Govt. Code § 12940, *et seq.*

### (Against Defendant Jack Morton Worldwide, Inc.)

44.     Defendants incorporate their responses to Paragraphs 1-43 herein.

8

39771104v.1

45.     Defendants admit that Plaintiff was employed by Jack Morton Worldwide.  To the extent not expressly admitted herein, all other allegations in Paragraph 45 of the Complaint are denied.

46.     The allegations in Paragraph 46 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that Paragraph 46 purports to contain any allegations of fact, Defendants deny any such allegations contained in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

## THIRD CAUSE OF ACTION

### Retaliation In Violation of Govt. Code § 12940, *et seq.*

### (Against Defendant Jack Morton Worldwide, Inc.)

51.     Defendant incorporate their responses to Paragraphs 1-50 herein.

52.     Defendants admit that Plaintiff was employed by Jack Morton Worldwide.  To the extent not expressly admitted herein, all other allegations in Paragraph 52 of the Complaint are denied.

53.     Defendants deny the allegations in paragraph 53.  The remaining allegations in Paragraph 53 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that Paragraph 53 purports to contain any additional allegations of fact, Defendants deny any such allegations contained in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendants deny the allegations in Paragraph 57.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code § 1102.5

### (Against Defendant Jack Morton Worldwide, Inc.)

58.     Defendants incorporate their responses to Paragraphs 1-57 herein.

39771104v.1

59.     The allegations in Paragraph 59 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that Paragraph 59 purports to contain any additional allegations of fact, Defendants deny any such allegations contained in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.  The remaining allegations in Paragraph 60 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that the remaining Paragraph 60 purports to contain any additional allegations of fact, Defendants deny any such allegations contained in Paragraph 60.

61.     Defendants deny that either Jack Morton Worldwide or Interpublic Group has ever employed any individual named "Le," and on that basis Defendants assert that Plaintiff's reference to "Le" is a typographical mistake.  To the extent not expressly admitted herein, all other allegations in Paragraph 61 of the Complaint are denied.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants deny the allegations in Paragraph 63.

## FIFTH CAUSE OF ACTION

### Wrongful Discharge In Violation Of Public Policy

### (Against Defendant Jack Morton Worldwide, Inc.)

64.     Defendants incorporate their responses to Paragraphs 1-63 herein.

65.     The allegations in Paragraph 65 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that Paragraph 65 purports to contain any additional allegations of fact, Defendants deny any such allegations contained in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67.

68.     Defendants deny the allegations in Paragraph 68.

## SIXTH CAUSE OF ACTION

### Wrongful Termination In Violation Of Govt. Code § 12940, *et seq.*

### (Against Defendant Jack Morton Worldwide, Inc.)

69.     Defendants incorporate their responses to Paragraphs 1-68 herein.

39771104v.1

1    70.    Defendants admit that Plaintiff was employed by Jack Morton Worldwide.   To the extent

2    not expressly admitted herein, all other allegations in Paragraph 70 of the Complaint are denied.

3    71.    Defendants deny the allegations in Paragraph 71.

4    72.    Defendants deny the allegations in Paragraph 72.

5    73.    Defendants deny the allegations in Paragraph 73.

6    74.    Defendants deny the allegations in Paragraph 74.

7    //

8                      **SEVENTH CAUSE OF ACTION**

9    **Willful Failure To Pay All Wages And Overtime (Cal. Labor Code § 204, 510)**

10                  **(Against Defendant Jack Morton Worldwide, Inc.)**

11    75.    Defendants incorporate their responses to Paragraphs 1-74 herein.

12    76.    Defendant's deny that Plaintiff was not paid for all time worked.  The remaining

13    allegations in Paragraph 76 constitute conclusions of law as opposed to allegations of fact and,

14    accordingly, no answer is required.  To the extent that Paragraph 76 purports to contain any additional

15    allegations of fact, Defendants deny any such allegations contained in Paragraph 76.

16    77.    Defendants deny the allegations in Paragraph 77.

17    78.    Defendants deny the allegations in Paragraph 78.

18    79.    Defendants admit that Plaintiff seeks attorneys' fees and costs in this action but denies

19    that Plaintiff is entitled to the recovery of attorneys' fees under any provision of law.  To the extent that

20    Paragraph 79 purports to contain any additional allegations of fact, Defendants deny any such

21    allegations contained in Paragraph 79.

22                      **EIGHTH CAUSE OF ACTION**

23    **Willful Failure To Pay All Wages Upon Separation (Cal. Labor Code §§ 201, 202, 203)**

24                  **(Against Defendant Jack Morton Worldwide, Inc.)**

25    80.    Defendants incorporate their responses to Paragraphs 1-79 herein.

26

27

28

11

39771104v.1

81.     The allegations in Paragraph 81 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that Paragraph 81 purports to contain any allegations of fact, Defendants deny any such allegations contained in Paragraph 81.

82.     Defendants deny that it owes any wages to Plaintiff.  Defendants deny that Plaintiff is entitled to wages, penalties, and/or interest thereon.  The remaining allegations in Paragraph 82 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that the remaining Paragraph 82 purports to contain any additional allegations of fact, Defendants deny any such allegations contained in Paragraph 82.

## NINTH CAUSE OF ACTION

**Failure to Provide Meal and Rest Periods and/or Wages (Cal. Labor Code § 226.7)**

**(Against Defendant Jack Morton Worldwide, Inc.)**

83.     Defendants incorporate their responses to Paragraphs 1-82 herein.

84.     The allegations in Paragraph 84 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that the remaining Paragraph 84 purports to contain any additional allegations of fact, Defendants deny any such allegations.

85.     Defendants deny the allegations in Paragraph 85.

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants admit that Plaintiff seeks attorneys' fees and costs in this action but deny that Plaintiff is entitled to the recovery of attorneys' fees under any provision of law.  To the extent that Paragraph 87 purports to contain any additional allegations of fact, Defendants deny any such allegations contained in Paragraph 87.

## TENTH CAUSE OF ACTION

**Willful Failure To Provide Accurate Wage Statements (Cal. Labor Code § 226)**

**(Against Defendant Jack Morton Worldwide, Inc.)**

88.     Defendants incorporate their responses to Paragraphs 1-87 herein.

DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES
CASE NO.: 3:17-CV-02647 EDL

39771104v.1

89.     The allegations in Paragraph 89 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that Paragraph 89 purports to contain any allegations of fact, Defendants deny any such allegations contained in Paragraph 89.

90.     Defendants deny that they failed to provide accurate information with respect to Plaintiff's paystubs and/or records in accordance California Labor Code section 226(a).  The remaining allegations in Paragraph 90 constitute conclusions of law as opposed to allegations of fact and, accordingly, no answer is required.  To the extent that the remaining Paragraph 90 purports to contain any additional allegations of fact, Defendants deny any such allegations contained in Paragraph 90.

91.     Defendants admit that Plaintiff seeks an injunction against Defendants but deny that Plaintiff is entitled to an injunction under any provision of law.  To the extent that Paragraph 91 purports to contain any additional allegations of fact, Defendants deny any such allegations contained in Paragraph 91.

92.     Defendants admit that Plaintiff seeks attorneys' fees and costs in this action but deny that Plaintiff is entitled to the recovery of attorneys' fees under any provision of law.  To the extent that Paragraph 92 purports to contain any additional allegations of fact, Defendants deny any such allegations contained in Paragraph 92.

## PRAYER FOR RELIEF

Defendants deny, generally and specifically, that Plaintiff has been damaged in any amount at all, by reason of any act, omission or other conduct on the part of Defendants, or on the part of Defendants' agents, representatives, and/or employees.  Defendants further deny, generally and specifically, that Plaintiff is entitled to the relief sought in the Complaint, the Prayer for Relief, or any other relief sought whatsoever.  Defendants generally deny any allegations of Plaintiff's Complaint not specifically admitted herein.

a)     Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph (a) of her Prayer for Relief.

b)     Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph (b) of her Prayer for Relief.

13

39771104v.1

1    c)    Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph (c) of
2    her Prayer for Relief.

3    d)    Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph (d) of
4    her Prayer for Relief.

5    e)    Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph (e) of
6    her Prayer for Relief.

7    f)    Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph (f) of
8    her Prayer for Relief.

9    g)    Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph (g) of
10    her Prayer for Relief.

11    h)    Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph (h) of
12    her Prayer for Relief.

13    i)    Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph (i) of
14    her Prayer for Relief.

15    ## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

16    Without assuming any burden of proof that it otherwise does not have as a matter of law,
17    Defendants, and each of them, assert the following affirmative and other defenses.  Defendants reserve
18    the right to plead any additional affirmative and other defenses as they become known during the
19    pendency of this action:

20    ### FIRST AFFIRMATIVE DEFENSE

21    **(Failure to State a Claim)**

22    1.    Plaintiff's Complaint, and each purported claim contained therein, fails to state a claim
23    upon which relief may be granted.

24    ///
25    ///
26    ///
27    ///
28

14

1

2

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      The claims of Plaintiff are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Government Code sections 12960 and 12965, and California Code of Civil Procedure sections 335.1, 337, 338, 339, 340, and 343.

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3.      Plaintiff's Complaint, and each purported claim contained therein, is barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4.      Plaintiff's Complaint, and each purported claim contained therein, is barred by the doctrine of waiver on account of Plaintiff's own conduct, acts, and omissions.

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.      Plaintiff's Complaint, and each purported claim contained therein, is barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6.      Plaintiff's Complaint, and each purported claim contained therein, is barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

7.      Plaintiff's Complaint, and each purported claim contained therein, is barred by the doctrine of unjust enrichment.

///

///

39771104v.1

### EIGHTH AFFIRMATIVE DEFENSE

#### (No Injuries Caused by Defendants)

8.      Plaintiff is not entitled to relief because she has not individually sustained any injury, damage, or loss by reason of any conduct, act, error, or omission on the part of Defendants.

### NINTH AFFIRMATIVE DEFENSE

#### (After-Acquired Information)

9.      Plaintiff's Complaint, and each purported claim contained therein, is barred to the extent Plaintiff engaged in any fraud or misconduct of which Defendants were unaware until after Plaintiff's termination, and which if known, would have caused Plaintiff to be terminated or not hired in the first place.  Alternatively, the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages, if any.

### TENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

10.      Plaintiff is not entitled to back pay and/or other damages for any cause of action attempted to be stated in her Complaint to the extent that she failed to seek and obtain other employment and otherwise failed to mitigate her alleged loss of wages and other damages.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Good Faith Exercise of Management Discretion)

11.      Any and all conduct of which Plaintiff complains or which is attributed to Defendants, and each of them, was a just and proper exercise of management discretion, and at all times privileged and justified, and undertaken for lawful, fair, and honest reasons, in good faith and without malice.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Offset for Comparative Negligence)

12.      If Defendants are judged to be liable to Plaintiff, then any such judgment must be reduced by an amount equal to that portion of the judgment in proportion to the comparative negligence and/or fault of the Plaintiff and/or other individuals or entities causing Plaintiff's damages.

39771104v.1

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

### (Failure to Exercise Reasonable Care)

3      13.      If Plaintiff sustained any injury, damage, or loss by reason of any act, error or omission

4   on the part of Defendants, then said injury, damage, or loss must be reduced to the extent that Plaintiff

5   failed to exercise reasonable care to avoid or limit the alleged harm.

6

## FOURTEENTH AFFIRMATIVE DEFENSE

7

### (Failure to Perform)

8      14.      Plaintiff's Complaint, and each purported claim contained therein, is barred by Plaintiff's

9   failure to comply with Defendants' express or implied policies governing Plaintiff's employment.

10

## FIFTEENTH AFFIRMATIVE DEFENSE

11

### (Nondiscriminatory Business Purposes)

12     15.      Plaintiff's First through Sixth Causes of Action asserted in Plaintiff's Complaint are

13   barred, in whole or in part, because the alleged conduct about which Plaintiff complains was not based

14   on any protected characteristic, but was based on one or more legitimate, nondiscriminatory business

15   reasons.

16

## SIXTEENTH AFFIRMATIVE DEFENSE

17

### (Good Faith)

18     16.      At all times relevant hereto, the purported acts and/or omissions of Defendants, and each

19   of them, as alleged in the Complaint, if any such acts and/or omissions there were or are, were

20   undertaken in good faith, reasonably, in compliance with legal requirements, and without actual or

21   constructive knowledge of any alleged breach of any duty purportedly owed to Plaintiff, or any other

22   wrong allegedly done to Plaintiff, and therefore Defendants, and each of them, have no liability to

23   Plaintiff.

24

## SEVENTEENTH AFFIRMATIVE DEFENSE

25

### (Offset)

26     17.      To the extent that Plaintiff is entitled to damages or penalties, Defendants are entitled to

27   an offset for any payments of wages or other remuneration previously provided to Plaintiff.

28

39771104v.1

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2

### (Labor Code § 2856)

3      18.     Plaintiff's Seventh through Tenth Causes of Action e asserted in Plaintiff's Complaint are

4   barred by Labor Code section 2856 to the extent that Plaintiff was employed by Defendants and failed

5   substantially to comply with all the directions of Defendants, and such failure proximately caused the

6   alleged losses for which she seeks relief.

7

## NINETEENTH AFFIRMATIVE DEFENSE

8

### (Accord and Satisfaction/Release)

9      19.     Plaintiff's Complaint, and each purported claim contained therein, is barred pursuant to

10  an accord and satisfaction, and/or are barred to the extent that Plaintiff has entered into or are otherwise

11  bound by compromise, settlement, or release agreements regarding those claims.

12

## TWENTIETH AFFIRMATIVE DEFENSE

13

### (Adequate Remedy at Law)

14     20.     Plaintiff's requests for injunctive and other equitable relief fail because Plaintiff has

15  adequate remedies at law.

16

## TWENTY-FIRST AFFIRMATIVE DEFENSE

17

### (No Attorneys' Fees)

18     21.     Plaintiff's claims fail to state facts sufficient to constitute a claim for attorneys' fees

19  against Defendants.

20

## TWENTY-SECOND AFFIRMATIVE DEFENSE

21

### (Exhaustion of Administrative Remedies)

22     22.     Plaintiff's First through Sixth Causes of Action asserted in Plaintiff's Complaint are

23  barred to the extent that Plaintiff has failed to exhaust her administrative remedies pursuant to California

24  Government Code sections 12960, 12965, and all other applicable laws.

25  ///

26  ///

27  ///

28

18

39771104v.1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Utilize Internal Procedures)

23.     Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff failed to avail herself of Defendants' existing internal complaint procedures for resolution of her claims and unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendants, and each of them, or to otherwise avoid harm or damage.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Decisions Contrary to Organizational Policies)

24.     Plaintiff may not recover punitive damages for alleged unlawful decisions, if any, to the extent that those decisions are contrary to the written policies that Defendants, and each of them, instituted against wrongful conduct.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Punitive Damages -- Insufficient Facts)

25.     Plaintiff's Complaint, and each purported claim contained therein, fails to state facts sufficient to entitle Plaintiff to an award of punitive damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Punitive Damages -- Due Process)

26.     Plaintiff's Complaint, and each purported claim contained therein, to the extent it seeks punitive damages, violates Defendants' respective rights to due process under the Fifth and Fourteenth Amendment of the United States Constitution and under Article I, Section 7 of the California Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Willfulness)

27.     Plaintiff is not entitled to any liquidated damages or penalties under the California Labor Code because, at all times relevant and material herein, Defendants, and each of them, did not willfully fail to comply with the compensation provisions of the California Labor Code, but rather acted in good

39771104v.1

faith and had reasonable grounds for believing that it did not violate the provisions of the California Labor Code, including but not limited to Labor Code § 200, *et seq.*

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Meal and Rest Period Policies)

28.     Plaintiff's Ninth Cause of Action for alleged violation of California Labor Code § 226.7 is barred, in whole or in part, because Defendants, and each of them, had lawful policies and at all times provided meal periods and authorized and permitted rest breaks in accordance with California law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Setoff)

29.     To the extent that Plaintiff is entitled to damages or penalties, Defendants, and each of them, are entitled to an offset for any overpayments of wages or other consideration previously provided.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Plaintiff Exempt from Overtime Wages)

30.     Plaintiff's Seventh through Tenth Causes of Action are barred, in whole or in part, to the extent that Plaintiff was exempt from the overtime and/or meal and rest period requirements of the California Labor Code and the Industrial Welfare Commission Wage Orders ("Wage Orders"), including, but not limited to, pursuant to the Executive, Administrative, Professional, Outside Sales, Inside Sales, or other exemptions of the California Labor Code and Wage Orders, as well as by virtue of falling under any combination or permutation of exemptions under the California Labor Code or Wage Orders.  *See e.g.*, Cal. Labor Code §§ 515 and 1171; Industrial Welfare Commission Wage Order 4-2001 §§ 1(A) and 1(C).

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Meal Periods Provided)

31.     Plaintiff's claims for penalties and damages pursuant to her Ninth Cause of Action arising out of alleged meal period violations are barred because Defendants, and each of them, provided the opportunity to Plaintiff to take timely meal breaks, and Defendants, and each of them, are not liable

39771104v.1

for unpaid wages, damages, or penalties, or otherwise responsible, under California Labor Code section 2856, when Plaintiff voluntarily elects not to use the meal period opportunities provided to her.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Rest Periods Provided)

32.      Plaintiff's claims for penalties and damages pursuant to her Ninth Cause of Action arising out of alleged rest period violations are barred because Defendants, and each of them, provided the opportunity to Plaintiff to take timely rest periods, and Defendants, and each of them, are not liable for unpaid wages, damages or penalties, or otherwise responsible, under California Labor Code section 2856, when Plaintiff voluntarily elects not to use the rest periods opportunities provided to her.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Defendants' Request For Costs And Attorneys' Fees)

33.      Plaintiff knew or should have known that her claims are without any reasonable basis in law or equity and cannot be supported by good faith argument for extension, modification, or reversal of existing law.  As a result of Plaintiff's filing of this Complaint, Defendants, and each of them, have been required to obtain the services of the undersigned attorneys, and have incurred and will continue to incur substantial costs and attorneys' fees in defense of this frivolous case, and Defendants are therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action in accordance with Federal Rule of Civil Procedure 11, this Court's inherent authority, and/or 28 U.S.C. § 1927.

### ADDITIONAL AFFIRMATIVE DEFENSES

Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusory terms used in Plaintiff's Complaint.  Accordingly, Defendants, and each of them, expressly reserve the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiff take nothing by her unverified Complaint;

21

2.      That Plaintiff's request for injunctive relief be denied;

3.      That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

4.      That Defendants be awarded reasonable attorneys' fees according to proof;

5.      That Defendants be awarded the costs of suit incurred herein; and

6.      That Defendants be awarded such other and further relief as the Court may deem appropriate and proper.

DATED: July 7, 2017                          Respectfully submitted,

                                            SEYFARTH SHAW LLP


                                            By:  _/s/ Ryan McCoy_
                                                Dana L. Peterson
                                                Ryan McCoy

                                                Attorneys for Defendants
                                                JACK MORTON WORLDWIDE, INC. and
                                                INTERPUBLIC GROUP OF COMPANIES,
                                                INC.

22

39771104v.1